## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TYRONE EMANUEL MURRAY, SR.** | : | |
| Plaintiff | : | |
| **v.** | : | **CIVIL NO.  02-3364** |
| | : | |
| **JOHN E. POTTER**, POSTMASTER | | |
| UNITED STATES POSTAL SERVICE | : | |
| Defendant | : | |

...oOo...

## REPLY IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Now comes the Defendant, John E. Potter, Postmaster of the United States Postal Service, by undersigned counsel, and files this reply in response to Plaintiff's Opposition, and in further support of Defendant's Motion to Dismiss or for Summary Judgment.

## INTRODUCTION

Plaintiff Tyrone E. Murray has filed a twelve-page *pro se* Complaint for employment discrimination which includes claims for every type of employment discrimination imaginable, including harassment, retaliation, discrimination, and constructive discharge based on his race, color, religion, sex, national origin, and claimed disability.  Complaint, ¶¶ 2-3.  The Complaint also contains delusional claims that employees of the United States Postal Service and the Office of the United States Attorney for the District of Maryland illegally contacted his physician, and attempted to manufacture and alter evidence by altering doctor's records.  Complaint, ¶¶ 28-29.  In addition, Plaintiff suspects that the United States Postal Service attempted at various times during the administrative portion of the case to entrap Plaintiff into committing felonies that would disqualify

him from receiving federal benefits. Complaint, ¶ 48.

Defendant has filed a comprehensive motion to dismiss or in the alternative for summary judgment asserting a number of reasons (many procedural in nature) why each and every one of the allegations should be dismissed. Essentially that motion argues that (1) Plaintiff has failed to exhaust his administrative remedies as to many of the alleged acts because either the allegations are outside the scope of the only surviving administrative claim (Agency Case No. 1K-211-0018-01), and/or they occurred more than 45 days prior to October 23, 2000, the date on which Plaintiff initially sought counseling in 1K-211-0018-01; (2) with respect to the allegation of constructive discharge, Plaintiff did not file his civil action within 90 days of the date on which he received the final administrative action in this matter as required by 42 U.S.C. § 2000e-16(c); (3) many of the acts complained of do not constitute adverse employment actions; (4) many of the acts complained of were the subject of two previous civil actions and are therefore barred by the doctrine of *res judicata*; (5) some of the actions complained of do not involve individuals employed by the named Defendant in this action; (6) some of the actions complained of involve the administrative processing of Plaintiff's complaint and such allegations are not actionable under Title VII; and (7) the Complaint should be dismissed as frivolous.

On or about May 2, 2003, Plaintiff filed an Opposition to the Agency's Motion and a supporting affidavit. On or about May 3, 2003, Plaintiff filed an Amended Affidavit claiming that the Defendant was "attempting to produce fraudulent papers in the case." On or about May 5, 2003, Plaintiff filed a letter with the Court as an Addendum to the Affidavit he filed on May 2, 2003. In that letter, Plaintiff seeks an "Order of Protection" from the alleged illegal activity of the Defendant.

Despite his extensive filings and affidavits, Plaintiff fails to squarely address the fatal legal and procedural flaws in his Complaints as set forth in Defendant's Motion.  As Plaintiff has not and cannot set forth facts or legal argument sufficient to defeat Defendant's motion it should be granted and judgment entered for Defendant.

## ARGUMENT

In the background facts provided in Defendant's motion, Defendant informed the Court that on April 3, 1996, Baltimore City Policy arrested Plaintiff on an emergency petition and involuntarily committed him to a psychiatric facility.  In response, Plaintiff argues at length that he was falsely arrested, interrogated and drug tested and that the drug test was falsified.  Plaintiff also discusses discrepancies in the record as to when precisely in the 1995-96 time frame he stopped working for Defendant and points to a document appended to Defendant's Motion as Exhibit 6 and accuses the Agency of fraud and deception because the August 26, 1995 date on the letter was inaccurately transcribed in Defendant's Motion.

What Plaintiff fails to understand, however, is that these facts were set forth by way of background only and are not material to the resolution of the dispositive legal issues in this case. Moreover, while Plaintiff has addressed these claimed factual discrepancies in depth, the exact date of Plaintiff's last day in duty status, the precise date of his alleged termination, and the circumstances surrounding his involuntary commitment are not issues of material fact which preclude the granting of Defendant's motion.

In his Opposition, Plaintiff also discusses the facts surrounding Beverly Brown's alleged perjured testimony in an attempt to convince the Court of the truth of his allegations.  However, as

the Agency argued in its Motion, the Plaintiff already raised the issue of Ms. Brown's testimony in two previous civil actions that were dismissed by this Court and affirmed by the Fourth Circuit.  Thus, these allegations are barred by the doctrine of *res judicata*.  Plaintiff also failed to exhaust as to these allegations, they do not constitute an adverse employment action, and they are plainly delusional.

Defendant argued that Plaintiff's claim that the Agency illegally contacted Plaintiff's doctor on September 18, 2000, was barred by *res judicata*, is frivolous and delusional, and fails to state an adverse employment action, (especially since Plaintiff had not been employed by the Agency for approximately 5 years at the time of this alleged incident).  Instead of addressing these arguments, Plaintiff rehashes the events of September 18, 2000 in a further effort to convince the Court that the doctor's office was lying and is guilty of "doctoring" documents and files.  While this fanciful and creative conspiracy tail may be interesting, it is completely irrelevant, as it fails to address the clear legal faults in Plaintiff's case.

Plaintiff has attempted to circumvent Defendant's failure to exhaust argument by arguing that the unexhausted claims can be brought in with the timely September 18, 2000 allegation under the theory of a continuing violation.  Plaintiff apparently believes that the *unproven and untimely* allegations of "fraud" somehow make it more likely that Plaintiff's doctor committed fraud on September 18, 2000.[1]  There is no merit to these arguments.

The continuing violation theory is inapplicable to this set of allegations.  The continuing violation theory applies to save untimely claims.  However, here, Defendant has not argued that

---

[1]      Plaintiff's allegations of fraud are fantastic, delusional, and unsubstantiated.  Moreover, Plaintiff has not set forth facts sufficient to plead fraud and Title VII does not remedy fraud.

Plaintiff did not *timely* exhaust his administrative claims, but rather that *he never exhausted many of them at all*. Therefore, the continuing violation theory does not apply.

There is also no merit to Plaintiff's argument that the Defendant's Motion should fail because the Plaintiff has not had an opportunity to conduct discovery. Defendant has made a number of very strong procedural arguments which, if decided in his favor, will result in dismissal. Discovery is not necessary to address issues such as exhaustion and *res judicata*. Moreover, Plaintiff utterly fails to explain what type of discovery is necessary and/or how such discovery will assist him in prosecuting his case. *See* Rule 56(f) of the Fed. R. Civ. P. (requiring the party opposing summary judgment to file an affidavit explaining why he could not respond to the motion for summary judgment without discovery). The Fourth Circuit has previously held that:

> The party seeking ... discovery bears the burden of showing what specific facts he hopes to discover that will raise an issue of material fact. The party opposing summary judgment also bears the burden of showing that the evidence sought actually exists. Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation. The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.

*Finzel v. Mazda Motor, Inc.*, 1999 U.S. App. LEXIS 420 (4th Cir. 1999) (citations omitted); *see Murphy v. IBM*, 23 F.3d 719 (2nd Cir. 1994). Here, Plaintiff has claimed that he needs unspecified discovery in a desperate attempt to survive the Agency's Motion. However, no amount of discovery could or would save Plaintiff's claims.

Lastly, Plaintiff filed a letter with the Court on May 5, 2003. In this letter, he attaches great importance to a filing he received on May 3, 2003 regarding the administrative complaint underlying this civil action (previously referred to as "Murray V"). In this May 3 filing, Kathleen Eley, Postal

Service Manager of EEO Compliance & Appeals, requests that the EEOC close the case because the OFO issued a denial of Plaintiff's request for reconsideration in this matter on July 11, 2002. Plaintiff speculates that the Agency is attempting to file an untimely response to his request for reconsideration before the OFO. This argument is ridiculous as the OFO has already issued a decision favorable to the Agency. Therefore, the Agency has no motive to file any further responses to Plaintiff's administrative filings.

Plaintiff's request for a protective order should also be denied since his claims are delusional and unsupported by anything other than his own speculation.

## **CONCLUSION**

In conclusion, the Agency respectfully requests that Plaintiff's civil action be dismissed with prejudice for the reasons stated in this document and in the Agency's Motion.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

May 16, 2003                              By:_____/s/_____
     Date                                        Ariana Wright Arnold
                                                 Assistant United States Attorney
                                                 Federal Bar No. 23000
                                                 6625 United States Courthouse
                                                 101 West Lombard Street
                                                 Baltimore, Maryland 21201-2692
                                                 (410) 209-4800

-6-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of May, 2003, a copy of the foregoing Reply

Memorandum was mailed to *Pro Se* Plaintiff:


Tyrone Emanuel Murray, Sr.
2612 Pierpoint Street
Baltimore, MD 21230-3043


_____/s/_____
Ariana Wright Arnold
Assistant United States Attorney